IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                          No. 1:12-cr-10010
                            No. 1:16-cv-01052

ERIC JOHNSON                                                                      MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Eric Johnson ("Johnson"). ECF No. 166. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 175. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 166) be **DENIED**.

**1.     Background**:

On August 22, 2012, Johnson was named in a three-count Second Superseding Indictment filed in the Western District of Arkansas charging Johnson as follows: Count One, Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371; Count Two, Aiding and Abetting Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2; and Count Three, Aiding and Abetting the Brandishing of Firearm during the Commission of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A).

On March 3, 2013, Johnson appeared before the Honorable Harry F. Barnes for a change of

plea hearing in which he pled guilty to Count Two of the Second Superseding Indictment charging him with Aiding and Abetting Armed Bank Robbery in violation of 18 U.S.C. §§ 213(a) and (d) and to Count Three charging him with Aiding and Abetting the Brandishing of a Firearm during the Commission of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

The United States Probation Office issued Johnson's Final Presentence Report ("PSR") and Addendum on October 3, 2013. ECF No. 122. On December 11, 2013, Johnson was sentenced to a total of 135 months imprisonment, consisting of 51 months on Count 2 and 84 months on Count 3 to be served consecutively, five years of supervised release on each count to run concurrently, and restitution in the amount of $53,402.61. ECF No. 141. Johnson did not appeal his sentence.

On June 9, 2016, Johnson filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on the *Johnson* decision. ECF No. 166. Johnson's appointed counsel filed a brief in support on June 20, 2016. ECF No. 167. The Government responded to this Motion on August 29, 2016. ECF No. 175.

**2.    Discussion**:

The only issue Johnson has raised with this § 2255 Motion is whether the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") because it was unconstitutionally vague, applies to 18 U.S.C. § 924(c) and invalidates its "crime of violence" provision. Upon review, the Court finds the reasoning in *Johnson* does not apply to invalidate this provision of 18 U.S.C. § 924(c).

On October 5, 2016, the United States Court of Appeals for the Eighth Circuit directly addressed this issue and ruled that the holding in *Johnson* did not invalidate the language of 18 U.S.C. § 924(c). *United States v. Prickett,* 839 F.3d. 697 (8th Cir. 2016). *Prickett* was decided after

the initial briefing in this case and neither Johnson nor the Government addressed its holding.[1] The Eighth Circuit in *Prickett* held : "We therefore conclude that *Johnson* does not render § 924(c)(3)(B) [defining "crime of violence" from 18 U.S.C. § 924(c)(1)(A)] unconstitutionally vague." *Id.* at 700. Consistent with that holding, the Court recommends Johnson's Motion (ECF No. 166) be **DENIED.**

3.   **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Johnson is clearly not entitled to the relief he seeks.[2] Further, I find Johnson has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

4.   **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

---

[1] I note the Federal Defender in the Western District of Arkansas, who represents Johnson here, also represented the movant in *Prickett*.

[2] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**DATED** this **14th day of September 2017.**

                                                         /s/ Barry A. Bryant
                                                   HON. BARRY A. BRYANT
                                                   U.S. MAGISTRATE JUDGE