IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ERIC JOHNSON                                              PETITIONER

v.                      CASE NO. 1:12-CR-10010-2
                        CASE NO. 1:16-CV-01052

UNITED STATES OF AMERICA                          RESPONDENT

## ORDER

Before the Court is a Report and Recommendation entered by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, on September 14, 2017. ECF No. 183. Petitioner has filed objections. ECF No. 185. The Court finds this matter ripe for consideration.

## BACKGROUND

On December 13, 2013, a Judgment was entered against Petitioner, sentencing him to a total of 135 months' imprisonment with credit for time served in federal custody. ECF No. 141. Petitioner did not file a direct appeal. Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on June 9, 2016. ECF No. 166. Petitioner subsequently filed a brief in support of his motion. ECF No. 167.

In these documents Petitioner argues, in relevant part, that 18 U.S.C. § 924(c)(3)(B) is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 166). On August 29, 2016, the Government filed a response, arguing that Petitioner is not entitled to section

2255 relief. ECF No. 175. On September 14, 2017, Judge Bryant issued the present Report and Recommendation. ECF No. 183. Petitioner filed objections on September 28, 2017. ECF No. 185.

## DISCUSSION

In the present Report and Recommendation, Judge Bryant recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 166) be denied and dismissed with prejudice. Judge Bryant found that "the United States Court of Appeals for the Eighth Circuit directly addressed this issue and ruled that the holding in *Johnson* did not invalidate the language of 18 U.S.C. § 924(c)." ECF No. 183, p. 2 (citing *United States v. Prickett*, 839 F.3d. 697 (8th Cir. 2016)). Likewise, Judge Bryant further recommends that any request for a Certificate of Appealability should be denied. Petitioner makes two arguments in his objections. The Court will address each in turn.

### I. Denial of Petitioner's Motion

In his objections, Petitioner concedes that the Court is bound by the Eighth Circuit's ruling in *Prickett*, but argues that *Prickett* "was incorrectly decided and that § 924(c)(3)(B) is void for vagueness." ECF No. 185, p. 3. Accordingly, he states that "he objects to the R&R's recommendation that his motion be denied in order to preserve his argument for possible appeal to the United States Supreme Court." ECF No. 185, p. 3. Upon consideration, the Court finds that Judge Bryant was correct in his finding that *Prickett* forecloses Petitioner's argument that § 924(c)(3)(B) is void for vagueness. *Prickett*, 839 F.3d. at 700 ("We therefore conclude that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague."). Accordingly, upon *de novo* review, the Court finds that Judge Bryant's Report and Recommendation should be adopted as to this issue and Petitioner's motion should denied and dismissed with prejudice.

## II. Certificate of Appealability

Petitioner also objects to Judge Bryant's recommendation that no Certificate of Appealability be issued, arguing "that he has made a substantial showing of the denial of a constitutional right, as [a] split among the circuits clearly demonstrates that the issue of the constitutionality of § 924(c)(3)(B) is debatable among reasonable jurists." ECF No. 185, p. 4.

The issuance of a Certificate of Appealability is only appropriate in a section 2255 proceeding when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has stated that "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his objections, Petitioner cites a Seventh Circuit opinion as well as numerous district court opinions which find that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*. Petitioner also cites opinions from the Third, Sixth, Seventh, Ninth, and Tenth Circuits that find 18 U.S.C. § 16(b)—a statute with almost identical language to 18 U.S.C. § 924(c)(3)(B)—void for vagueness in light of *Johnson*. The Court further recognizes that after Petitioner filed his objections, the Supreme Court issued its opinion in *Sessions v. Dimaya*, affirming the Ninth Circuit's holding that 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. 138 S. Ct. 1204 (2018). Taking all of this into account, the Court is satisfied that Petitioner has demonstrated that reasonable jurists would find that the question of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague to be debatable. Therefore, the Court finds that a Certificate of Appealability shall issue.

**CONCLUSION**

For the foregoing reasons, the Court hereby **ADOPTS IN PART** Judge Bryant's Report and Recommendation (ECF No. 183) insofar as it recommends a finding that Petitioner's motion should be denied on the merits. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 166) is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. However, the Court finds that a Certificate of Appealability should be and hereby is **GRANTED** on the issue of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of recent Supreme Court precedent.

**IT IS SO ORDERED**, this 30th day of April, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge